VARRILL *v.* HEALD.

In an action against an officer for not serving and returning a writ of execution, he may shew the insolvency of the debtor in mitigation of damages, notwithstanding he does not return the precept, nor allege that it is lost.

In such action it is incumbent on the plaintiff to shew that the precept has never been returned.

THIS was an action of the case against the defendant for neglect of his office of deputy sheriff in not serving and returning an *alias* writ of execution in favour of the plaintiff against one *James Coffin*. At the trial in the Court below, which was upon the general issue, the plaintiff proved the delivery of the execution to the defendant, but offered no proof respecting the ability of the defendant to have collected it; nor did he shew that it had never been returned to the Justice who issued it, the Court ruling that he was not bound so to do. The defendant denied that he ever had the execution in his hands, but offered to shew the insolvency of the debtor, in mitigation of the damages;—to the admission of which evidence the plaintiff objected, until the defendant should first shew that he had *returned* the execution;—but the Court overruled the objection, and admitted the evidence, and thereupon instructed the jury that if they were satisfied that the poverty of the debtor was the cause why the money had not been collected, and that the defendant had used due diligence in this particular, they might find for the plaintiff, assessing only nominal damages; but if they were not satisfied of these points, they might assess such damages as would fully indemnify the plaintiff for the amount of his execution, with additional damages;—and they found for the plaintiff, assessing nominal damages only. To this direction the plaintiff filed a summary bill of exceptions, and brought the cause to this Court by appeal, pursuant to the statute.

*Fessenden* and *Hill*, for the plaintiff.

The object of the action is to restore the plaintiff to what he has lost by the misdoing of the defendant. *Prima facie* he appears to have lost his debt, since he is deprived of the original means of enforcing its collection;—and in such cases the

Varrill *v.* Heald.

amount of the judgment and interest is the general rule of damages against the officer. The cases in which the officer is permitted to reduce the amount of damages recoverable by the general rule, are not where *the neglect* has been either wilful or criminally gross ;—for if it appears that his conduct has either destroyed or essentially abridged the rights of the creditor, the jury are permitted to go even beyond the amount of the former judgment, for the purpose of giving him a full and complete indemnity. *Weld v. Bartlett,* 10 *Mass.* 470. And no case has been found, where an officer who has *never returned* the precept, but still holds it in his hands, has been admitted to offer evidence in mitigation of the damages.

If the precept is in existence, its return is material to the creditor. It may be that the judgment is satisfied, or that some collusion has been practiced between the officer and the debtor, which the execution, if produced, would discover,—or that a return by the officer would give the creditor additional rights, by its truth or its falsity, against the debtor or the officer. *Simmons v. Bradford,* 15 *Mass.* 82. But here the officer does not pretend that he has lost the precept. His defence rested on the simple denial that he ever had it in his hands. This fact the jury found against him ;—and he ought not, while wilfully withholding the execution, to be allowed to say in excuse that it was against a very poor man.

*Chase,* for the defendant.

MELLEN C. J. delivered the opinion of the Court as follows :

The question before us is whether the direction of the Court to the jury was incorrect, as to the assessment of nominal damages, in case they should believe that the defendant had used due diligence, and that the judgment debtor was poor and destitute. On this subject we entertain no doubt. The jury were instructed to do justice to the plaintiff by giving him damages equal to the injury he had sustained. He certainly was entitled to no more. It is urged that this case differs from those where nominal damages have been allowed, because *here* the execution has not been returned ; and that so the plaintiff has lost the benefit of his judgment and cannot collect the amount of the debt

or. It does not appear that the execution has not been returned. The objection therefore has no foundation in fact. It was the plaintiff's duty to shew that it had not been returned, in order to prove his declaration. And it is not so much a matter of surprise that the plaintiff recovered only nominal damages, as that he recovered any. But this point is not before us.

If it should appear hereafter that the officer had actually collected the amount of the execution, it may be recovered in an action for money had and received. There is no pretence for disturbing the verdict. The exception is overruled and the judgment below affirmed.